UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

**CIVIL ACTION NO. 11-139-JBC**

**SCOTT ALLEN LUCAS,**                                                             **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Lucas's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (R. 12). The Commissioner does not challenge Lucas's status as the prevailing party or the hourly rate or number of hours, nor does he argue that the Administration's position was substantially justified. *See Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). The court will therefore award the requested fee pursuant to the EAJA. The Commissioner does, however, object to Lucas's request that any attorney's fees awarded under the EAJA be payable directly to his attorney. Because such fees belong to Lucas, and because his prior assignment of such fees is void, the court will grant his motion in part and deny it in part.

An award of EAJA fees belongs to the plaintiff in an action, not to the plaintiff's attorney, and is therefore subject to a Government offset to satisfy any pre-existing debts the litigant owes the United States. *See Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521, 2524 (2010). Here, Lucas executed an assignment of

any entitlement he may have under the EAJA to his attorney on March 7, 2012, the same day the present motion was filed. Because this assignment of a claim against the United States was executed before the claim was allowed, before the amount of the claim was decided, and before a warrant for payment of the claim had been issued, it is void under the Anti-Assignment Act, 31 U.S.C. §§ 3727(a)(2), (b). Therefore, while the court will award attorney's fees pursuant to the EAJA in the amount of $1,725.00, those fees are awarded to Lucas, not to his attorney, and are subject to a Government offset to satisfy any pre-existing debt that Lucas may owe the United States. Accordingly,

**IT IS ORDERED** that the motion (R. 12) is **GRANTED IN PART** and **DENIED IN PART**.

Signed on May 17, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY